UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Hadassah Budoff,<br><br>    Plaintiff,<br><br>v.<br><br>Credit Control, LLC<br>c/o CT Corporation System<br>208 S. LaSalle Street, Suite 814<br>Chicago, IL 60604,<br><br>    Defendant. | Case No.<br><br><br><br><br>**COMPLAINT**<br><br><br><br><br>**Jury Demand Requested** |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff is a resident of the State of Illinois.

4- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the õDebtö).

5- Defendant is a corporation with its principal place of business in the State of Missouri.

6- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

7- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

8- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

9- On or around September 23, 2011, Plaintiff filed a voluntary bankruptcy petition that included the Debt.

10- Upon the filing of her bankruptcy petition, Plaintiff received the protection of the bankruptcy stay provisions, which prevent debt collectors from contacting Plaintiff to collect the Debt.

11- Despite the bankruptcy filing, on or around October 10, 2013, Defendant sent a collection letter to Plaintiff misrepresenting that the Debt was owed and payable.

12- Despite the bankruptcy filing, on or around February 4, 2014, Defendant sent a collection letter to Plaintiff misrepresenting that the Debt was owed and payable.

13- Despite the bankruptcy filing, on or around March 14, 2014, Defendant sent a collection letter to Plaintiff misrepresenting that the Debt was owed and payable.

14- Upon information and belief, Defendant made other attempts to collect the Debt.

15- Defendant's efforts to collect a debt that was included in a bankruptcy violate 15 U.S.C. §1692e(2). *See Ross v. RJM Acquisitions Funding, LLC,* 480 F.3d 493 (7th Cir. 2007).

16- At the time of these communications, Defendant knew, or should have known, that the Debt was included in an active bankruptcy.

17- Upon information and belief, Defendant does not maintain procedures reasonably adapted to identify consumers that filed bankruptcy or it would have discovered Plaintiff's bankruptcy filing.

18- Defendant damaged Plaintiff.

19- Defendant violated the FDCPA.

## COUNT I

20- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

21- Defendant violated 15 USC § 1692e(2) by sending contacting Plaintiff to collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy, thereby misrepresenting the legal status of the debt

## COUNT II

22- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

23- Defendant violated 15 USC § 1692e(10) by falsely representing to Plaintiff that it could collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy.

## COUNT III

24- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

25- Defendant violated 15 USC § 1692f by unfairly and unconscionably trying to collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy.

## COUNT IV

26- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

27- Defendant violated 15 USC § 1692c(a)(2) by communicating with a consumer after Defendant knew, or should have known, that Plaintiff was represented by an attorney regarding the debt.

## JURY DEMAND

28- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29- Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.  Any other legal and/or equitable relief as the Court deems appropriate.

>RESPECTFULLY SUBMITTED,
>
>Meier LLC
>
>By: */s/ Richard J. Meier*
>Richard J. Meier, Esq.
>53 W. Jackson Blvd, Suite 304
>Chicago, IL 60604
>Tel: 312-242-1849
>Fax: 312-242-1841
>Richard@meierllc.com
>*Attorney for Plaintiff*